PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ARNOFF, | ) | CASE NO. 4:25-CV-02632 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 1, 2] |
| Defendant. | ) | |

## I.  BACKGROUND

Bruce Arnoff was convicted of complicity to aggravated murder under Ohio Rev. Code. § 2923 in 2018.  He is serving a sentence of thirty years-to-life at the Northeast Ohio Correctional Facility in Youngstown, Ohio.[1]  Proceeding *pro se*, Plaintiff initiated this case by filing a Motion for Relief from Judgment (ECF No. 1) and Motion to Proceed *in Forma Pauperis* (ECF No. 2) under Fed. R. Civ. P. 60(b) and 28 U.S.C. § 1915, respectively.  Construing his pleading liberally, he asks the Court to vacate his state conviction because he was "tried in a court without jurisdiction and . . . forced to plead guilty or die in Lorain County Jail[.]"  ECF No. 1 at PageID #: 5 (cleaned up).  For the reason herein, his motion to Proceed *in Forma Pauperis* is denied and the case is dismissed.

## II.  LAW

A district court may authorize the commencement of a lawsuit without filing fee prepayment if the plaintiff shows by affidavit that they are impoverished.  *See* 28 U.S.C. §

---

[1] Ohio Bureau of Prisons # A754939.

(4:25-CV-02632)

1915(a)(1).  "[I]f a prisoner brings a civil action or files an appeal *in forma pauperis*," however, "[he] shall be required to pay the full amount of a filing fee."  *See* 28 U.S.C. § 1915(b)(1).  The district court must determine whether the prisoner-plaintiff shall (a) prepay the fee or (b) pay under an installment agreement.  *See* 28 U.S.C. § 1915(b).

Inmates who have thrice had a lawsuit dismissed for frivolousness, maliciousness, or failure to state a claim are not afforded installment plans unless they were in imminent physical danger when the action was filed.  *See* 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 Fed. Appx. 796, 797–98 (6th Cir. 2008).  To qualify for the imminent danger exception to the three-strike rule, a *pro se* prisoner "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint."  *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 Fed.Appx. 488, 492 (6th Cir.2012)).

### III.  DISCUSSION

Plaintiff is a frequent filer in federal and state courts.  On at least six prior occasions since his incarceration, his lawsuits have been dismissed for frivolousness, maliciousness, or failure to state a claim.  *See Arnoff v. Lorain Cty Ct.*, No. 1:23-CV-970 (N.D. Ohio filed Aug. 21, 2023); *Arnoff v. PAJ Enterprises*, No. 1:22-CV-1477 (N.D. Ohio filed Feb. 21, 2023); *Arnoff v. Allen Cty Corr. Inst.*, No. 3:22-CV-1028 (N.D. Ohio filed Aug. 26, 2022); *Arnoff v. Cuyahoga Cty Fiscal Off.*, No. 1:22-CV-1473 (N.D. Ohio Feb. 17, 2023); *Arnoff v. Wills*, No. 1:22-CV-1010 (N.D. Ohio Feb. 14, 2023); *Arnoff v. Lorain Cty Jail*, No. 1:22-CV-707 (N.D. Ohio May 26, 2022).  In the instant case, he offers no facts indicating he was in "proximate danger of serious

2

(4:25-CV-02632)

physical injury at the time he filed the complaint" sufficient to excuse him from 28 U.S.C. § 1915(g)'s three-strike rule.  *See Vandiver*, 727 F.3d 585.

### IV.  CONCLUSION

Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is denied.  This action is dismissed without prejudice under 28 U.S.C. § 1915(g).  If Plaintiff wishes to litigate, including proceeding with his Motion for Relief from Judgment (ECF No. 1), he must remit the $405.00 filing fee in full and submit a motion to reopen under Fed. R. Civ. P. 60(b).  No documents will be accepted by the Clerk of Court unless the filing fee has been paid in full and a motion to reopen has been granted.

Plaintiff is warned that filing further ungrounded, frivolous, or malicious motions or pleadings may result in sanctions, including the assessment of costs and fees and being barred from filing absent exigent circumstances.  *See* Local Rule 7.1(i).  Plaintiff shall comply with Fed. R. Civ. P. 11 and is hereby warned that peppering the Court with repetitive and unsupported filings "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" will not be tolerated.  The Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


March 23, 2026                                            */s/ Benita Y. Pearson*
Date                                                                Benita Y. Pearson
                                                                       United States District Judge

3